## MOSS v. LIGHTFINE.

(Supreme Court, Appellate Term. June 30, 1908.)

1. EXEMPTIONS—PROTECTION OF RIGHTS—PROPERTY QUALIFIEDLY EXEMPT.

If a judgment debtor wishes to retain from a receiver in supplementary proceedings property only qualifiedly exempt, he must claim the exemption.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Exemptions, §§ 137, 138.]

2. EXECUTION—SUPPLEMENTARY PROCEEDINGS—RECEIVER—PROPERTY TO WHICH RECEIVER IS ENTITLED.

Where a chattel mortgage provided for the rendition to a judgment debtor of any surplus arising upon the sale of the mortgaged property, the fact that the chattel mortgage was past due did not make the mortgagee the sole and unconditional owner of the property; but the judgment debtor had what might be called a leviable interest subject to the mortgage, which he was bound to surrender on demand of the judgment creditor's receiver made pursuant to an order of court.

Appeal from City Court of New York, Special Term.

Supplementary proceeding by Octavia A. Moss, judgment creditor, against John L. Lightfine, judgment debtor, in which George William Clune was appointed receiver. From an order of the City Court denying a motion to punish the judgment debtor for contempt, the receiver appeals. Reversed, and motion granted.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

May & Jacobson (I. N. Jacobson, of counsel), for appellant.
Robert Lyon, for respondent.

MacLEAN, J. It appears that the receiver of the judgment creditor herein, pursuant to order, demanded of the debtor the surrender of all property in his possession, particularly two trucks and one horse, referred to and mentioned by the debtor in his examination in this proceeding, and that the debtor refused to comply with the demand. Thereafter the receiver moved to punish him for contempt, but his motion was improperly denied.

The record discloses no claim to exemption of the property at the time of the demand, or even upon the hearing to punish for contempt. This was necessary, as the property in question was not absolutely, but only qualifiedly, exempt. Wilcox v. Howe, 59 Hun, 268, 12 N. Y. Supp. 783. At that hearing the debtor deposed a disclaimer of ownership, and was corroborated by the exhibition of a chattel mortgage that had been filed against the property in question on or about the 24th of October, 1907. The affidavit of the mortgagee disclosed that the mortgage was past due; but that did not make him the sole, absolute, and

unconditional owner, for the mortgage provides for the rendition of any surplus arising upon the sale to the debtor herein, who, therefore, may be said to have had a leviable interest, subject to the claim of said mortgage.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted. All concur.